**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James Gary DEMPSEY, Defendant—**
**Appellant.**

**No. 02–10062.**
**D.C. No. CR–00–00167–HDM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 22, 2002.

Before McKEOWN and PAEZ, Circuit Judges, and HAMILTON,* District Judge.

### MEMORANDUM**

James Gary Dempsey appeals the district court's denial of his motion to suppress a firearm as a product of a Fourth Amendment violation. We affirm.

■ Dempsey contends that the officer's initial seizure of the switchblade was illegal, thus making the subsequent search of Dempsey's vehicle and seizure of the firearm impermissible. However, based on the circumstances, the officer had an objectively reasonable suspicion that Dempsey was potentially armed and presently dangerous at the time he asked him to exit the vehicle. The patdown was thus legitimate under *Terry v. Ohio,* 392 U.S. 1, 30–31, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See Illinois v. Wardlow,* 528 U.S. 119, 123–24, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (noting that for patdowns under *Terry,* "the determination of reasonable suspicion must be based on commonsense judgments and inferences about human be-

havior") (citing *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).

■ Dempsey also alleges that the officer's weapons patdown exceeded *Terry's* permissible scope. The officer immediately recognized the item as a knife, however, keeping the patdown within the acceptable bounds of *Terry. See United States v. Dickerson,* 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) ("If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons . . . .").

■ Following the patdown, the officer then lawfully discovered the firearm on the floorboard of Dempsey's vehicle. *See South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (describing the customary practice of securing and inventorying an automobile's contents when taken into police custody, based in part on the need to protect police from potential danger).

**AFFIRMED.**

---

\* Honorable Phyllis J. Hamilton, United States District Court for the Northern District of California, *sitting by designation.*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.